IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              No. 1:18-cr-10010-JDB-1

MATTHEW MCMURRAY,

    Defendant.

_____

ORDER DENYING DEFENDANT'S REQUEST TO MODIFY SENTENCE
_____

        On September 6, 2018, the Defendant, Matthew McMurray, was sentenced to forty-eight months' imprisonment, to be followed by three years of supervised release, upon a guilty plea to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). (*See* Docket Entry ("D.E.") 28.) He is currently incarcerated at a Tennessee Department of Correction facility at Whiteville, Tennessee, and expects to be turned over to Bureau of Prisons ("BOP") custody in early June 2020 to serve his federal sentence. On April 22, 2020, he filed a letter in this matter requesting that the Court consider him for compassionate release and modify his federal sentence from imprisonment to home confinement in light of the ongoing COVID-19 pandemic. (D.E. 29.)

        A court "may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c)(1)(A). One such circumstance is the compassionate release provision found at § 3582(c)(1)(A)(i), which permits a sentence reduction where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i);

*see also United States v. Wieber*, Crim. Action No. 3:14-CR-74-TBR, 2020 WL 1492907, at *1 (W.D. Ky. Mar. 27, 2020).

> However, the statute requires that courts may grant relief only
>
> upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).

McMurray does not indicate in his filing that he has satisfied the exhaustion requirement and, indeed, it is unlikely he could have done so considering he is not yet in BOP custody. In any case, absent exhaustion, the Court is unable to grant relief. *See United States v. Alam*, Case No. 15-20351, 2020 WL 1703881, at *1-3 (E.D. Mich. Apr. 8, 2020) (even under COVID-19 conditions, § 3582(c)(1)(A)'s exhaustion requirement must be satisfied before court can grant compassionate release), *appeal filed* (6th Cir. Apr. 9, 2020) (No. 20-1298). Moreover, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction of sentence[.]" *United States v. Eberhart*, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). McMurray is thirty-five years old and reports no medical conditions that would render him more vulnerable to the pandemic than any other federal prisoner. In addition, Defendant's interaction with the virus in federal prison conditions does not constitute extraordinary and compelling reasons supporting modification as he is yet to enter federal custody. *See United States v. Callan*, No. 3:19-cr-140 (VLB), 2020 WL 1969432, at *3 (D. Conn. Apr. 24, 2020) ("Mr. Callan has not yet reported to the Bureau of Prisons, however, so the potential risk of COVID-19 at [a BOP facility] is not urgent or even actual for him.").

The Court understands McMurray's concerns. COVID-19 presents to the United States and the world at large a challenge like no other faced in most of our lifetimes. Among those at gravest risk are the inmates of our jails and prisons, whether ill or not, in light of the close quarters in which they live. As others have recognized, perhaps the most humane option to mitigate the death toll within the imprisoned population is to decrease that population to the extent possible. *See United States v. Nkanga*, 18-CR-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020), *recons. denied* 2020 WL 1695417 (S.D.N.Y. Apr. 7, 2020). That said, the federal district courts are simply not at liberty to exercise authority they do not possess.

The request is DENIED.

IT IS SO ORDERED this 28th day of April 2020.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE